[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the third-party defendants, Sandra Gillen and Michele Testani's Motion for Summary Judgment as against the third-party plaintiff and defendant, Anthony's Ocean View, Inc.
The plaintiff Linda Manzo, mother of the groom, while attending the wedding reception of her son and daughter-in-law to be at the defendant's premises, slipped and fell on a wooden dance floor within the reception hall. Following the institution of the present action the defendant commenced a third-party action against Sandra Gillen, mother of the bride and Michele Testani who had executed an agreement with the defendant which provided for rental of the defendant's reception hall and catering services for the wedding reception on October 11, 1998.
The defendant's claim against the third-party defendants is based upon paragraph 25 of the catering contract which purports to indemnify the defendant from liability and claims for damages "from any cause or causes whatsoever." This paragraph granting absolution from liability as well as indemnification appears in small print on the back of the contract (Exhibit A.)1*:
 25 A.) As additional consideration of the services to be provided by caterer, customer agrees that this agreement is made upon the express condition that the caterer, its agents, servants or employees, shall be free from all liabilities and claims for damages and/or suits for and reason of any injury or injuries to any person or persons or property or any kind whatsoever, whether the person or property or customer and guests, agents or employees, or third persons, from any cause or causes whatsoever, while in or upon said premises or any part thereof during the term of the agreement, or occasioned by any use of said premises or any activity carried on by customer in connection therewith. Customer hereby covenants and agrees to indemnify and save harmless the caterer, its agents, servants and employees from all liabilities, charges, expenses (including counsel fees) and costs on account of or CT Page 1683 by reason of any injuries, liabilities, claims, suits or losses however occurring or damages arising out of same.
 B.) Further, this indemnification includes injury loss or damage to third persons on or off the function premises resulting from the serving of alcoholic beverages on the function premises.
"The law does not favor contract provisions which relieve a person from his own negligence." Griffin v. Nationwide Moving Storage Co., Conn. 405, 413, (1982). Here the exculpatory language quoted above was on the reverse side of the one contract page bearing the parties' signatures and consisted of 18 lines of print crammed in on an area 3 1/2 inches by 2 inches.
"Language inserted by a party in an agreement for the purpose of exempting him from liability for negligent conduct is scrutinized with particular care and a court may require specific and conspicuous reference to negligence under the general principal that language is interpreted against the draftsman. " RESTATEMENT (Second) of CONTRACTS § 195 CMT. B (1981).
"The majority of trial courts that have recently addressed this issue . . . take the position that specific language, i.e., the word `negligence' must be used to waive effectively claims for negligence against facility operators." Foley v. Southington-Cheshire Community,2002 Ct. Sup. 3782, 31 Conn.L.Rptr. 673, Judicial District of New Britain, March 28, 2002.
Warranting careful judicial scrutiny are exculpatory contracts on forms used by "professional service providers in the course of dealing with the general public." In such cases, unless the contract "clearly, unequivocally, specifically, and unmistakably express[es] the parties' intention to exculpate the [defendant] from liability resulting from his own negligence, the [contract] is insufficient for that purpose." Adloov. H.T. Brown Real Estate, Inc., 686 A.2d 292, 305 Md. 1996, cited inMalin v. White Water Mountain Resorts, 29 Conn.L.Rptr. 374,2001 Ct. Sup. 3592, New Haven Judicial District, March 16, 2001.
In the instant case, the language in paragraph 25, i.e., "from any cause or causes whatsoever" falls prey to the requirement that specific reference to "negligence" is required to constitute an effective shield against one's own negligence and liability.
Accordingly, as the only basis for liability against the third-party defendants is the above quoted language, the third-party defendants, CT Page 1684 Sandra Gillen and Michele Testani's Motion for Summary Judgment is granted.
Skolnick, J.